244

568 P.2d 1142

The STATE of Arizona, Appellee,

v.

Donald Paul McCLEARY, Appellant.

No. 2 CA–CR 1035.

Court of Appeals of Arizona,
Division 2.

Aug. 23, 1977.

Bruce E. Babbitt, Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, and James D. Wezelman, Certified Third Year Law Student under Rule 28(e), for appellee.

James M. Wilkes, P. C., Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was found guilty by a jury of possession of heroin for sale in violation of A.R.S. §§ 36–1002.01 and 36–1002.10 as amended, and was sentenced to serve not less than five nor more than fifteen years in the Arizona State Prison. On appeal, he challenges the trial court's refusal to grant his motion to suppress.

On June 7, 1976, an officer of the Tucson Police Department spoke to an individual who apparently was to have gone to visit appellant at an apartment. This individual had looked in the window of the apartment and noticed two subjects in stocking masks robbing other people inside. The individual called the police and when this officer arrived, there were several other officers covering the front door of the apartment. The subjects were told to come out and two persons emerged and were arrested. Neither masks nor weapons were found on them. The officers testified at the hearing on the motion to suppress that at this point they did not know whether any other people remained inside. Subsequently, five people emerged with their hands tied behind them with electrical cord. The appellant was one of the persons who emerged

with his hands tied. One officer remained with the people questioning them, an additional officer went inside to see if anyone remained in the apartment. The heroin in question was found in this warrantless search of the apartment in plain view.

■ Appellant argues that the search and subsequent seizure without a warrant cannot be upheld unless it fell into one of the three classic exceptions: (1) consent; (2) exigent circumstances or (3) incident to an arrest. *State v. Damon*, 18 Ariz.App. 421, 502 P.2d 1360 (1972). Consent is not an issue in the case and as far as the third exception, search incident to an arrest, all the suspects were outside the apartment at the time and no warrantless search was necessary to protect the officers at that point under *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

■ Therefore, exigent circumstances is the sole factor left to uphold the search and we believe exigent circumstances did exist. In this case, the officers were acting reasonably in entering to ascertain whether any more persons remained in the apartment who may have been bound and gagged and could not call out for help, and also to determine if additional suspects were involved who might still be holding the weapons which were viewed through the window by the informant. The language in *Dillon v. Superior Court of Santa Barbara County*, 7 Cal.3d 305, 102 Cal.Rptr. 161, 497 P.2d 505 (1972), is helpful:

"The search of the house may not be upheld on the basis of the rule of *People v. Block*, 6 Cal.3d 239, 98 Cal.Rptr. 657, 491 P.2d 9, permitting searches for additional suspects. In *Block*, a police officer, after arresting defendant and five others during an alleged 'pot party' at his house, went upstairs in a search of other possible suspects. While searching he observed marijuana.

The majority held that on the basis of the facts known to him, the officer had probable cause to believe, after the arrests had been made that other possible suspects might be in the building, and that he acted reasonably in making the upstairs search for them and in seizing the marijuana which was in plain view.

However, it was emphasized that in determining whether an officer's belief that others were present and subsequent search for them was reasonable would be 'dependent upon the existence of facts available to him at the moment of the search or seizure which would warrant a man of reasonable caution in the belief that the action taken was appropriate. [Citations] And in determining whether the officer acted reasonably, *due weight must be given not to his unparticularized suspicions or "hunches"*, but to the reasonable inferences which he is entitled to draw from the facts in the light of his experience; in other words, he must be able to point to *specific and articulable facts* from which he concluded that his action was necessary. [Citations].' (6 Cal.3d at p. 244, 98 Cal.Rptr. at p. 660, 491 P.2d at p. 12 italics added)." 102 Cal.Rptr. at 166, 497 P.2d at 510.

Here the informant told the police officers that he had seen two armed suspects wearing nylon masks when he went to visit appellant. He was not able to ascertain whether the two wearing the masks were the only participants in the crime or whether more were present but out of his line of view through the window. In addition, five people emerged from the apartment with their hands tied behind their backs. It was entirely conceivable that more people remained in the apartment with not only their hands tied but perhaps gagged, such as they might have been in peril but unable to tell officers of their plight. In addition, no stocking masks nor weapons were found when the seven people had emerged from the apartment and the officers were justified in believing that another suspect might have remained in the apartment in an attempt to destroy evidence. Appellant's reliance on *Dillon,* supra, is misplaced since in that case there was no circumstance justifying the officers to believe that anyone else was present in the house since:

"[W]hen the officers first knocked on the door to escort the petitioner to the backyard they saw no one else in the house, no hurried movements by petitioner or any-

one else, nor were they aware of any sounds which might indicate the presence of someone other than petitioner in the house. Again, when they returned to the house to let the petitioner make her phone call, no hurried movements were observed nor was there any indication that someone had been there while they were in the backyard. In addition, no lights, noises nor marijuana odors were observed emanating from any of the rooms.

There is, of course, always the possibility that some additional person may be found in a house outside of which an arrest took place. But the mere possibility of additional persons in the house, without more, is not enough to provide probable cause to search the entire premises for additional suspects once the suspect whom the officers had sought was arrested." 102 Cal.Rptr. at 166–67, 497 P.2d at 511.

The additional circumstances were present here and we think the exigent circumstances justified the warrantless search of the premises.

We have searched the entire record as is our duty under A.R.S. § 13–1715 and have found no fundamental error.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.